UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KELLY CHRIS JONES, | ) | CIV. 11-5014-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Kelly Chris Jones appeals the denial of his application for disability benefits by the Social Security Administration. (Docket 1). Mr. Jones moves the court to reverse the Commissioner's determination he is not disabled and to award benefits immediately. (Docket 28). The Commissioner opposes the complaint, as well as the motion to reverse, and moves the court to affirm the determination. (Docket 31). The court has jurisdiction over this case pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Based on the analysis in this order, the case is remanded for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

The court adopts the parties' Joint Statement of Material Facts ("JSMF") and incorporates it by reference. (Docket 22). Mr. Jones also filed a document purporting to be a joint statement of disputed material facts but which is unsigned by the government. (Docket 24). The court will make determinations regarding those disputed facts as necessary.

## STANDARD OF REVIEW

The Commissioner's findings must be upheld if supported by substantial evidence in the record as a whole.  See 42 U.S.C. § 405(g).  See also Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006).  The court must review the Commissioner's decision to determine if an error of law was committed.  See Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992).

"Substantial evidence is 'less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.' "  Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (quoting McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)).  Substantial evidence is that quantum of relevant evidence a reasonable mind might accept as adequate to support the Commissioner's decision. See Choate, 457 F.3d at 869 (citing Ellis v. Barnhart, 392 F.3d 988, 993 (8th Cir. 2005)).  The review of a decision to deny disability benefits is " 'more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; . . . [the court must] also take into account whatever in the record fairly detracts from that decision.' "  Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quoting Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would have decided the case differently, it cannot reverse the

Commissioner's decision if that decision is supported by good reason and is based on substantial evidence.  See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  A reviewing court may not reverse the Commissioner's decision " 'merely because substantial evidence would have supported an opposite decision.' "  Reed, 399 F.3d at 920 (8th Cir. 2005) (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)).  Issues of law are reviewed *de novo* with deference given to the Commissioner's construction of the Social Security Act.  See Smith, 982 F.2d at 311.

## DISCUSSION

Mr. Jones asserts the administrative law judge (ALJ) and the Appeals Council erred when determining he was not disabled prior to June 1, 2008. (Docket 29).  Specifically, Mr. Jones asserts the ALJ and the Appeals Council failed to properly identify the severe impairments from which Mr. Jones was suffering prior to June 1, 2008.  Mr. Jones further contends the ALJ erred in finding his complaints not credible.  Additionally, Mr. Jones argues the residual functional capacity (RFC) formulated by the ALJ was unsupported by the evidence in the record and that the Appeals Council failed to properly consider the opinion of his treating physician with regard to the onset date of his disability.

1.      **Severe Impairments**

At step two of the process for determining whether an individual is suffering from a disability, the ALJ sets forth the severe impairment(s) from which the claimant is suffering.  See 20 C.F.R. § 404.1520(a)(4)(ii).  Mr. Jones alleged in his application for benefits he suffered from the severe impairments of asthma, chronic obstructive pulmonary disease, hypertension, restrictive airway disease, HTN, congestive heart failure, and diastolic heart failure.  (AR 23).  In determining what severe impairments Mr. Jones suffered, the ALJ provided a short synopsis of Mr. Jones' medical records which stated:

> An echocardiogram on September 16, 2005 showed what appeared to be borderline right atrial and ventricular enlargement with normal left ventricular ejection fraction (Ex. 1F).  The assessment was Diastolic dysfunction of the left ventricle, trace mitral valve regurgitation, and trace tricuspid regurgitation.  The claimant was treated for pneumonia in October 2005 (Ex. 2F).
>
> The claimant was treated for shortness of breath and dyspnea on January 28, 2009 (Ex. 8F).  He said that his nebulizers and inhalers had not improved the symptoms.  Respiratory exam was markedly diminished with crackle on the right side with prolonged expiratory phase.  His gait was normal, sensory was normal, and DTRs were normal.  The physician's assistant had him walk 200 feet and his O2 sats dropped to 77%.  He was started on O2-21nc and the O2 sats come up to 95-99% range.  The claimant was given home oxygen.  On February 12, 2009, he felt better.  On June 23, 2009, the claimant's respiratory exam was clear to auscultation bilaterally with normal respiratory effect and diminished breath sounds (Ex. 10F/4).  The claimant had been seen by Dr. Rosario who had recommended a high resolution CT of the chest and an ECHO along with a referral to rheumatology for evaluation for scleroderma.  The claimant was continued on

Metoprolol, Ranitidine, Hydrochlorothiazide, and Lisinopril (Ex. 10F/4).[1]  No home oxygen was prescribed.

(AR 24).  The ALJ then determined Mr. Jones suffered from the severe impairments of asthma and hypertension.  (AR 23).  When the matter was reviewed by the Appeals Council, the Appeals Council agreed with the ALJ "that the claimant has severe impairments of asthma and hypertension." (AR 6).  Mr. Jones alleges this was error by both the ALJ and the Appeals Council.

The regulations provide "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  See also Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007) (citations omitted). The ALJ does not provide an explanation as to why he concluded Mr. Jones suffers from asthma and hypertension but not from chronic obstructive pulmonary disease, restrictive airway disease or diastolic dysfunction.

---

[1]Metoprolol is used for the management of HTN.  See Physician's Desk Reference, http://www.pdr.net/drugpages/concisemonograph.aspx?concise=1667. Ranitidine is used to treat ulcers.  See id. at http://www.pdr.net/drugpages/concisemonograph.aspx?concise=527. Hydrochlorothiazide is a diuretic also used in the management of HTN.  See id. at http://www.pdr.net/drugpages/concisemonograph.aspx?concise=812. Lisinopril is an ACE inhibitor also used in the treatment of HTN.  See id. at http://www.pdr.net/drugpages/concisemonograph.aspx?concise=839.  Mr. Jones also reported taking Albuterol, Fluticasone, and Ipratoropium Bromide to treat his breathing difficulties.  (AR 270, 392).

Nonetheless, the record is replete with notations describing Mr. Jones' respiratory disease, sometimes labeled as chronic obstructive pulmonary disease and other times as restrictive airway disease or severe restrictive lung disease.  (AR 330, 332, 333, 334, 335, 353, 354, 356, 359, 363, 366, 380, 382, 386, 390, 391, 395, 396, and 434).  Such notations occur more often than the diagnosis of asthma.  Even Dr. Anwar, who reviewed the file for the Appeals Council, noted Mr. Jones "has a history of interstitial lung disease which was diagnosed in October 2005."  (AR 474).  Additionally, the records reflect repeated complaints of chest pain and a diagnosis of diastolic dysfunction.  (AR 326, 332, 333, 334, 363, 390).  As a result, the court finds the objective medical evidence supports Mr. Jones' claim he suffers from more than asthma and hypertension.  The court further finds the ALJ's determination Mr. Jones suffers only from the severe impairments of asthma and hypertension is not supported by substantial evidence.

**2.   Credibility**

Mr. Jones also asserts the ALJ erred when determining his complaints were not credible.  "In evaluating a claimant's subjective reports of pain, the ALJ should make a credibility determination taking into account: 1) the claimant's daily activities; 2) the duration, frequency, and intensity of the pain; 3) the dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional

restrictions."  Choate, 457 F.3d at 871 (citing Wheeler v. Apfel, 224 F.3d 891, 895 (8th Cir. 2000)).  The court is to "defer to an ALJ's credibility finding as long as the 'ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so.' "  Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (quoting Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001)).

Having noted the reviewing medical sources found Mr. Jones' "subjective symptoms appear to be out of proportion to the physical findings" and giving "substantial weight" to those opinions, the ALJ stated, "the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  (AR 26).  The court finds this conclusion is not supported by the record.

First, in making his credibility determination, the ALJ relied heavily upon the findings of the medical sources.  "The opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence."  Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998).  In this case, the reviews conducted by the consulting physicians are not supported by the objective medical evidence.  These consulting experts failed to find Mr. Jones suffered from a more serious respiratory

impairment than asthma, despite the many references to COPD, restrictive lung disease, and indications of interstitial lung disease.  In fact one of the medical sources stated in his review, "[t]here is no evidence of COPD. . . ." (AR 345).  The assessments of these consulting physicians are further undermined by Dr. Anwar's review and conclusions at the request of the Appeals Council.  Dr. Anwar was asked by the Appeals Council to review Mr. Jones' medical records and he concluded Mr. Jones was disabled as of June 1, 2008, thus covering a portion of the time reviewed and assessed by the consulting physicians.  (AR 474).  Dr. Anwar, however, had the benefit of Dr. Calhoon's treatment notes at the time of his review.  Id.  Nonetheless, the United States Court of Appeals for the Eighth Circuit held nonexamining sources should be given less weight especially if those sources "did not have access to relevant medical records, including relevant medical records made after the date of evaluation."  McCoy v. Astrue, 648 F.3d 605, 616 (8th Cir. 2011) (citing Wildman v. Astrue, 596 F.3d 959, 968 (8th Cir. 2010)).  As a result, the court finds the ALJ not only erred when setting forth the severe impairments from which Mr. Jones suffers at step two of the procedure but also erred in finding Mr. Jones' statements were not credible based upon the reviews conducted by these medical sources.  Additionally, it was error for the Appeals Council to affirm the weight given to the statements of the consulting physicians knowing these sources did not have access to the relevant medical records.

The ALJ found Mr. Jones' complaints were not supported by the objective medical evidence.  The record, however, reflects Mr. Jones frequently presented with claims of chest pain, shortness of breath, or dyspnea.  It is evident from the medical records the physicians treating Mr. Jones felt he needed further evaluations and suspected an undiagnosed condition.  On September 14, 2005, the treating physician noted Mr. Jones needed a "specialty eval at some point either cardiology and or pulmonary and or rheumatologic."  (AR 434).  An imaging report dated October 5, 2005, indicated "[i]nterstitial changes could be more acute and possibly represent some form of a hypersensitivity *pneumonitis* or *other* interstitial lung disease."  (AR 442) (emphasis in original).  Follow up examinations were requested.  (AR 341).  Further evaluations, however, were not conducted.

"A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."  Smith v. Barnhart, 435 F.3d 926, 930 (8th Cir. 2006).  This is especially important given Mr. Jones was not represented by counsel.  Moreover, an ALJ is required to order further medical examination if the medical records before him do not provide sufficient evidence upon which a disability determination may be made.  See Martise v. Astrue, 641 F.3d 909, 926-27 (8th Cir. 2011).  Instead of developing the record, the ALJ relied on the reviews of consulting physicians

and concluded the medical evidence did not support Mr. Jones' assertions, thus penalizing Mr. Jones for a lack of access to a full range of medical care.

The ALJ additionally misconstrued the evidence in the record.  In reviewing Mr. Jones' activities of daily living, the ALJ found Mr. Jones' hobbies included "mountain biking, hiking, camping, watching TV, model building, Play Station, and horse shoes." (AR 26).  Though not specifically stated, the inference is these activities do not support Mr. Jones' claims of disability.  The record, however, reflects Mr. Jones engaged in these activities prior to the onset of his disability.  In his application, he lists these activities and then states he does not participate in these activities because "I don't have the energy to do (breathing worse)." (AR 238).  Later, in an additional questionnaire, Mr Jones states, "I can't ride my bike, can't hike breathing problems." (AR 277).  At the hearing, Mr. Jones testified "I used to ride mountain bike, but I haven't for like four years.  I used to do a lot of walking, but I can't do that anymore." (AR 49).  Furthermore, Mr. Jones' ability to prepare his own food, take care of his personal needs, watch television, read, or visit with friends does not undermine his claims of disability.  The Eighth Circuit held "[a] claimant need not be bedridden to qualify for disability benefits." Burnside v. Apfel, 223 F.3d 840, 845 (8th Cir. 2000).  As a result, the court finds the ALJ did not set forth good reasons for discounting Mr. Jones' complaints and concludes the credibility determination is not supported by substantial evidence.

### 3.   Residual Functional Capacity (RFC)

Mr. Jones also contends the ALJ erred when formulating his RFC.

The ALJ found:

> [Mr. Jones is able to] occasionally lift and/or carry 50 pounds and
> frequently lift and/or carry 25 pounds; stand and/or walk (with
> normal breaks) for a total of about 6 hours in an 8-hour workday;
> sit (with normal breaks) for a total of about 6 hours in an 8-hour
> workday; push and/or pull (including operation of hand and/or
> foot controls) unlimited, other than as shown for lift and/or carry;
> no postural, manipulative, visual, or communicative limitations;
> should avoid even moderate exposure to extreme cold or fumes,
> odors, dusts, gases, poor ventilation, etc.; and should avoid
> concentrated exposure to extreme heat and hazards (machinery,
> heights, etc.).

(AR 24-25).

"The RFC must (1) give 'appropriate consideration to all of [the

claimant's ] impairments,' and (2) be based on competent medical evidence

establishing the 'physical and mental activity that the claimant can perform

in a work setting.' " Partee v. Astrue, 638 F.3d 860, 865 (8th Cir. 2011)

(quoting Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996)).  The court

previously determined the ALJ failed to properly evaluate and set forth Mr.

Jones' severe impairments.  Furthermore, the court concluded the ALJ's

credibility determination was flawed.  Having failed to properly set forth Mr.

Jones' impairments, in addition to failing to properly assess Mr. Jones'

credibility and coupled with misplaced reliance upon the opinions of the

consulting physicians, the court finds substantial evidence does not support

the ALJ's RFC formulation.

**4.      Dr. Calhoon and the Date of Onset of Disability**

Mr. Jones also asserts the Appeals Council should have accepted the opinion of his treating physician, Dr. Calhoon, that Mr. Jones was disabled beginning in 2005.  However, the Eighth Circuit held " '[a] treating physician's opinion does not automatically control, since the record must be evaluated as a whole.' "  Renstrom v. Astrue, 680 F.3d 1057, 1064 (8th Cir. 2012) (quoting Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011)).  Having concluded the ALJ erred when setting forth Mr. Jones' severe impairments, determining his credibility, and formulating the RFC, the court finds the matter should be remanded for further proceedings in order to allow the ALJ to review the record as a whole to determine the weight to be assigned to Dr. Calhoon's opinion regarding Mr. Jones' onset date of his disability.

## CONCLUSION

The court concludes the ALJ's determination Mr. Jones is not disabled is not supported by substantial evidence.  The ALJ failed to properly set forth the severe impairments from which Mr. Jones suffers.  The ALJ erroneously assigned great weight to consultative physicians' opinions which were not supported by the objective medical evidence.  This, in turn, resulted in an improper credibility determination and a flawed RFC formulation.  As a result, the court concludes the matter should be

remanded for further proceedings to determine if Mr. Jones was disabled prior to June 1, 2008.  Accordingly, it is hereby

ORDERED that plaintiff's motion to reverse the determination of the Commissioner (Docket 28) is granted.

IT IS FURTHER ORDERED that defendant's motion to affirm the decision of the Commissioner (Docket 31) is denied.

Dated September 25, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

13