UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KELLY CHRIS JONES, | ) | CIV. 11-5014-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING MOTION |
| | ) | FOR EAJA FEES |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**NATURE AND PROCEDURE OF THE CASE**

On September 25, 2012, the court entered an order reversing the Commissioner's determination Mr. Jones was not disabled and remanded the matter for rehearing. Mr. Jones then moved for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA). Counsel initially sought fees in the amount of $13,925.00, $835.50 for sales tax on the fee and costs in the amount of $23.00 for a total award of $14,783.50. The Commissioner opposes the request contending the government's position was substantially justified. The Commissioner further asserts the award requested is excessive.

**DISCUSSION**

Title 28 of the United States Code, section 2412(d)(1)(A) provides in pertinent part that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil

action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  Here, Mr. Jones is considered a prevailing party and is thus entitled to an award of fees and expenses.  The Commissioner, however, objects to the award of attorney's fees arguing the ALJ's determination, though not supported by substantial evidence, was substantially justified.  "A position enjoys substantial justification if it has a clearly reasonable basis in law and fact."  Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005) (citing Brouwers v. Bowen, 823 F.2d 723, 275 (8th Cir. 1987)).  Substantial justification is "determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."  28 U.S.C. § 2412(d)(1)(B).

In the order dated September 25, 2012, the court found the ALJ erred in setting forth Mr. Jones' severe impairments, in assessing Mr. Jones' complaints of pain as not credible, and in formulating Mr. Jones' residual functional capacity ("RFC").  The court also found the ALJ erred in rejecting the opinion of Mr. Jones' treating physician.  The law of the United States Court of Appeals for the Eighth Circuit required the ALJ to assign

controlling weight to the opinion of a treating physician if the opinion was not inconsistent with the medical evidence. The ALJ incorrectly found the opinion was not supported by the record when, in fact, the opinion was consistent with the medical evidence as a whole. This, in turn, tainted the ALJ's credibility determination and RFC formulation. The court concludes neither the ALJ's determination nor the Commissioner's subsequent position in this matter had "a clearly reasonable basis in law and fact." See Goad, 398 F.3d at 1025. As a result, the court finds the award of fees and costs is appropriate.

The Commissioner contends the fees requested are excessive. Counsel for Mr. Jones initially claimed she spent 83.07 hours in preparing the briefs in this matter. In the reply brief, Mr. Jones' counsel requests reimbursement for .92 hours to prepare the reply brief which would amount to $154.22. Thus, counsel requests payment for 83.99 hours expended on the matter at an hourly rate of $167.63, for a total of $14,079.24. She also requests an award of sales tax at a rate of 6 percent which would amount to $844.75. The total award sought by Mr. Jones' counsel is $14,923.99.

The Commissioner does not object to the hourly rate assessed or the request for sales tax, but does object to the number of hours claimed. The court agrees the amount of time spent on this matter is extensive, however, in reviewing counsel's time log, the court does not note any unreasonable expenditures of time. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Counsel also requested costs in the amount of $23 for a medical expert opinion. The Commissioner objected to the request contending it was not appropriate under 28 U.S.C. § 1920. Mr. Jones withdrew the request for the $23 in his reply brief. As a result, the court will not consider awarding this sum. Accordingly, it is hereby

ORDERED that plaintiff's motion (Docket 36) is granted. Plaintiff is awarded $14,923.99 comprised of $14,079.24 in attorney's fees and $844.75 representing 6 percent state and local sales tax on the attorney fees pursuant to the Equal Access to Justice Act.

Dated February 5, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE